## HENRY VAN WORMER, APPELLANT, *v.* GEORGIANNA VAN WORMER, RESPONDENT.

*Action for divorce — second allowance made to the wife notwithstanding a stipulation that no application would be made therefor.*

In an action for divorce the attorney for the husband, the plaintiff, paid to the wife's attorney $100, and took a receipt, signed by the wife's attorney, stating that the same was " the sum agreed on as my counsel fees and upon the agreement that no application shall be made for other or further counsel fees, or alimony until the result of this action is reached." The case was subsequently tried and the jury disagreed. The defendant then moved that the plaintiff be required to pay a further sum needed for her expenses at the next trial.

Upon the appeal from an order granting the motion, and directing the payment of $150 for such expenses,

*Held,* that, as the possibility of a disagreement of the jury was not within the thoughts of the parties when the receipt was given, the unexpected increase of expense, by reason of such disagreement, changed the situation in such wise that the Special Term was, in view thereof, authorized, notwithstanding the receipt, to grant a further allowance.

APPEAL by the plaintiff, Henry Van Wormer, from an order entered in the office of the clerk of the county of Schenectady on the 21st day of May, 1890.

The order was granted at the Saratoga Special Term on May 6, 1890, and directed that the plaintiff pay to Georgianna Van Wormer, the defendant, the sum of $150, as and for the expenses incurred by her in the action and to be incurred by her in the further defense thereof.

*W. L. Van Denbergh,* for the appellant.

*R. J. Sanson,* for the respondent.

LEARNED, P. J. :

This is an action for divorce. After issue had been joined the plaintiff's attorney paid to defendant's attorney $100 and took the following receipt :

(Title of the cause.)

Received October 17, 1889, from plaintiff by the hands of W. L. Van Denbergh, his attorney, one hundred dollars, being the sum agreed on as my counsel fees, and upon the agreement that no application shall be made for other or further counsel fees or alimony until the result of this action is reached.

ROBERT J. SANSON,
*Defendant's Attorney.*

Subsequently the cause was tried and the jury disagreed. The defendant then moved that plaintiff be required to pay a sum needed for her expenses at the next trial. The Special Term granted $150 for such expenses. The plaintiff appeals.

The only question before us is whether the receipt is a bar to an application for money to meet these further expenses.

There is no reason to doubt the propriety of the order, unless the court ought to have refused it upon the ground of the agreement contained in the receipt.

It is a question on which there may be some doubt, as it depends principally on the meaning to be gathered from the receipt under the circumstances. Of course, courts always desire to compel the performance of stipulations by attorneys in matters within their power. But we are inclined to think that the possibility of a disagreement of the jury was not within the thoughts of the parties. The

expenses of the first trial appear to have been somewhere about $150. And, therefore, we cannot think that the attorneys contemplated a second trial, made necessary by a disagreement of the jury, when they fixed the counsel fees at $100. In speaking of "The result of the action" they probably thought of a trial, a verdict and a judgment; and supposed that $100 would or might be enough to enable the defendant to litigate the action with justice to herself. The unexpected increase of expenses by the disagreement of the jury has changed the situation. And we think it would be unreasonable to give to the receipt the controlling effect which plaintiff claims for it. True, it may be capable of that meaning. But a more fair and just view is to understand that a disagreement of the jury was not anticipated, and, therefore, that it was within the power of the Special Term to give the allowance.

Aside from these considerations, there is no reason to say that the Special Term did not exercise a proper discretion.

The order of the Special Term is affirmed, without costs to either party.

LANDON and MAYHAM, JJ., concurred.

Order affirmed, without costs.